**UNITED STATES of America**

v.

**Robert R. OLIVA.**

**Crim. No. 78–230.**

United States District Court, W. D. Pennsylvania.

Feb. 20, 1979.

---

Alexander H. Lindsay, Jr., Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

James K. O'Malley, Pittsburgh, Pa., for defendant.

## ORDER AND OPINION

SIMMONS, District Judge.

Defendant, a resident of Butler, Pennsylvania, was indicted by a Grand Jury on a 12 Count indictment. Defendant is charged with knowingly attempting to evade and defeat a large part of the income tax due and owing by him in 1974 by mailing a fraudulent income tax return. In 1974, Defendant stated his taxable income was $2,468.00 and the amount of tax due and owing was $365.00. The Government alleges Defendant's taxable income was $49,-511.00 and the amount of taxes owed was $16,815.00. Defendant is charged with filing a fraudulent income tax return for 1975. The Government alleges Defendant stated his taxable income was minus $1,607.00 with no taxes due. The Government alleges Defendant's taxable income was $13,232.41 with the amount of tax owed being $2,350.20. Defendant is alleged to have rendered assistance to various persons applying for home loans with the Farmers Home Administration in Butler, Pennsylvania, in violation of federal statute. The Government alleges Defendant knowingly and wilfully made material false writings in the form of Request for Verification of Employment, federal form, FHA 410–5, which forms were filed with the Farmers Home Administration for the purpose of obtaining Farmers Home Loans. Defendant is alleged to have filed these forms for Dennis George Wise, James Stivers, William Holt, Stephen R. Sloboda, Richard C. Kline, Kenneth E. Kirkwood, Richard O. Byers, Robert A. Wilson and John T. Hannigan.

Lastly, it is alleged, that on November 9, 1976, being duly sworn to testify truthfully in a Federal Grand Jury proceeding, Defendant did make unlawfully and knowingly, false and material declarations to said Jury.

The facts stipulated by the parties in the above-captioned case are as follows:

A subpoena was issued to the Defendant requiring him to appear before a Federal Grand Jury of the United States District Court for the Western District of Pennsylvania on November 9, 1976. At no time did the Government provide the Defendant with an Affidavit setting forth what information they sought from the Defendant or that said information was sought from Defendant was: (1) relevant to an investigation; (2) properly within the Grand Jury's jurisdiction; and (3) not sought primarily for another purpose. At no time was the Defendant advised by the Government that he was entitled to such an Affidavit.

On November 9, 1976, the Defendant did appear before the Federal Grand Jury of the United States District Court for the Western District of Pennsylvania, and did testify, a copy of the transcript of his testimony was attached to the Stipulation of the parties and marked as Exhibit "A". At the time the Defendant appeared before the Federal Grand Jury on November 9, 1976, he was not represented by counsel.

Prior to the Defendant's appearance before the Federal Grand Jury on November 9, 1976, the Defendant in no way contested the issuance of the subpoena or the validity of the investigation, and further the Government instituted no proceedings to enforce the Grand Jury subpoena.

After Defendant's appearance before the Grand Jury, the said Defendant was indicted on 12 Counts, and the 12th Count was a charge of perjured testimony before the Grand Jury in violation of Title 18 U.S.C. § 1621 as heretofore noted. The Attorney for the Defendant appeared and moved to suppress the Defendant's alleged perjurious testimony on the ground that the United States Attorney did not present to the Defendant prior to his testimony, an Affi-

davit setting forth that all information sought from the Defendant-witness was relevant to the investigation, that the information was properly within the Grand Jury jurisdiction, and that the information was not sought primarily for another purpose. *SEE* the holding of the Third Circuit Court of Appeals in, *In re Grand Jury Proceedings*, 486 F.2d 85 (3rd Cir. 1973) (*Schofield I*) and *In re Grand Jury Proceedings*, 507 F.2d 963 (3rd Cir. 1975) (*SCHOFIELD II*).

Subsequently, the Defendant's Attorney requested discovery of 9 items. The Government agreed to supply all of the items requested, except the 5th request which is as follows:

"Copies of statements known or possessed by the Government of persons with information pertaining to this Defendant, or the facts alleged in the indictment whom the Government does not intend to call as witnesses and whose statement would not be produceable under the Jencks Act, as well as the names of all persons interviewed by the Government agents in this investigation not intended to be called as witnesses."

Finally, the Defendant's Attorney moved the Government to furnish a Bill of Particulars requesting the Government to disclose the specific items of income making up the Defendant's actual taxable income and their sources, and the deductions and costs allowed or disallowed against such income. The Government refused to furnish the requested information.

The Court will now discuss Motion to Suppress alleging the failure of the United States Attorney to supply the Defendant with a *Schofield Affidavit*. There are three issues in this regard that merit discussion. First, was the Defendant's appearance before the Federal Grand Jury in total compliance with the holdings in the *Schofield Cases*, cited Supra. As heretofore mentioned, it has been stipulated that a Schofield Affidavit was not presented to the Defendant prior to his testimony before the Grand Jury. A careful reading of the second *Schofield Case* (507 F.2d 963, 965, 966) indicated that the Court of Appeals

requires that the United States Attorney furnish the Defendant said Schofield Affidavit in every case, including the case which is now before us for consideration. The language of the United States Court of Appeals for the Third Circuit is clear and certain in this regard. The Court states at 965 of its Opinion the following:

". . . . (2) Despite the fact that the burden is generally on the witness to show abuse of the grand jury process, *Schofield I* requires the government to present affidavits in every case irrespective of whether the witness has challenged the propriety of the subpoena. This broad rule is designed to prevent abuse of the grand jury process by requiring a minimum disclosure of the grand jury's purpose in every case . ." . (underlining supplied)

Further, the United States Court of Appeals for the Third Circuit goes on to say at 966 of said Opinion as follows:

". . . Our holding in *Schofield I* did not require a showing of reasonableness, it did not require any determination of probable cause and it clearly did not require a hearing in every case. (5) What *Schofield I* did require, however, was a minimum showing by affidavit in every case that each item sought was (1) relevant to an investigation, (2) properly within the grand jury's jurisdiction, and (3) not sought primarily for another purpose . . .". (underlining supplied)

It is clear beyond any doubt that the Schofield Affidavit is required in this case and even though the witness has not challenged the propriety of the subpoena as in the case at bar.

■ The next issue for discussion is whether or not the Defendant waived his objection to the failure of the United States Attorney to furnish him the Schofield Affidavit by failing to request the Schofield Affidavit prior to his Grand Jury appearance.

Again, this Court is of the opinion that the requirement that the requirement that the Government should present the Defendant with a Schofield Affidavit in every case is mandatory and directory, and springs from the power of the District Court to control the use of Grand Jury subpoenas. Under these circumstances, it is not within the Defendant's right or power to waive the requirement of a Schofield Affidavit, and it would be contrary to public policy and would undermine this Court's right to exercise its supervisory powers, if this Court did, in fact, permit a Defendant to waive the presentation to him of a Schofield Affidavit. It is the holding of this Court that the Defendant cannot waive the requirement of a Schofield Affidavit.

■ Finally, the question arises as to what sanction shall be used in this case because of the failure of the United States Attorney to furnish the Schofield Affidavit as the same has been required by the United States Court of Appeals for the Third Circuit. It is this Court's belief that the only appropriate remedy under these circumstances, is to suppress all testimony which was obtained from the Defendant at his Grand Jury appearance.

■ As to the question involving paragraph 5 of the Defendant's request for discovery, it is the opinion of this Court that the Government does not have the obligation to provide the Defendant with the requested statements for the reason that the Government has indicated that it will provide to the Defendant the names and statements of all persons who can provide evidence which is material to the guilt or innocence of the Defendant, and further, the Government is willing to provide any evidence that could possibly create a reasonable doubt in the Jury's mind that the Defendant is guilty of the crime charged. The Government has agreed to provide this evidence as soon as it becomes aware that such evidence exists.

■ As to the final question raised in this matter concerning the Motion for a Bill of Particulars, it is the considered opinion of this Court that the request is not oppressive and is not a request that is unusual under the circumstances in a tax evasion case.

ORDER

AND NOW, this 20th day of FEBRUARY, 1979, IT IS THE ORDER OF THIS COURT THAT all of the testimony of the Defendant given at the Grand Jury Proceeding in the above-captioned case is hereby suppressed and said testimony shall not be used for any purpose whatsoever against the interests of this Defendant. FURTHER, IT IS THE ORDER OF THIS COURT THAT the Government shall disclose to the Defendant its computation and calculations of the specific items of income making up the Defendant's actual taxable income and their source, and the deductions and costs allowed or disallowed against such income. FINALLY, IT IS THE ORDER OF THIS COURT THAT the Defendant's Motion for Discovery of copies of statements known or possessed by the Government of persons with information pertaining to this Defendant as the same are set forth and described in paragraph 5 of Defendant's request for discovery is refused.